Harriet Crompton v. Charles H. Crow.

SCHAEFFER, C. J., and BOREMAN, J., concurred

HARRIET CROMPTON, RESPONDENT, v. CHARLES H. CROW, APPELLANT.

1. VERIFIED COMPLAINT—ANSWER TO, WHEN SHAM.—Where the complaint is verified and the answer thereto is not, the latter will be stricken out, on motion, as sham and frivolous.

2. TRANSCRIPT—NO EVIDENCE IN.—Where, on appeal, the transcript does not contain the evidence given at the trial, the court will presume that there was sufficient evidence to support the verdict.

3. NEGLIGENCE OF ATTORNEY.—Where a cause is called for trial in its regular order, the absence of the defendant's counsel from the court is no ground for a new trial. In such a case the negligence of defendant's counsel is the negligence of the defendant.

Appeal from the Third Judicial District Court.

Respondent commenced in said court her action against the defendant for the recovery of certain personal property of the alleged value of $450, and also claimed damages for the detention of such property in the sum of $250. The complaint was duly verified. After giving the necessary bonds, respondent by proper proceedings obtained possession of the property sued for. To this complaint the defendant interposed an answer that contained no specific denial of any allegation thereof; nor was the same verified as required by the code. When the cause was called for trial the defendant and his attorney were both absent from court, whereupon the attorneys for plaintiff moved the court to strike the answer from the files, which motion was granted. A jury was then duly impaneled, the cause tried, and a verdict rendered for plaintiff for the recovery of the property and for $200 damages. The

defendant, after the lapse of the term, moved to vacate the judgment, which motion was overruled. He then appealed. The transcript does not disclose any of the testimony taken at the trial.

The other facts are stated in the opinion of the court.

*Dilly & Burmester*, for appellant.

It was error to strike defendant's answer from the files on an *ex parte* application.

Appellant submits that such a motion is now and always has been held to be noticeable. *Stevens* v. *Rose*, 1 Cal. 94.

The court provides that after a party has once appeared by attorney, the attorney shall have notice of all subsequent proceedings had in the action.

The second assignment of error is based on the same ground with this further ground in addition, that the general *ad damnum* clause in the said complaint not being admitted by not being denied, in other words not being issuable, the defendant had a right to be heard in mitigation of damages, and was entitled to notice of the time the assessment of damages would be made. *Saltus* v. *Kipp*, 5 Duer, 646; *Kelsey* v. *Covert*, 6 Abb. Pr. R. 336; *Lane* v. *Gilbert*, 9 How. P. R. 150; *Stonach* v. *Glessner*, 4 Wis. 288; *Williams* v. *Stewart*, 3 Wis. 773; *Rose* v, *Barr*, 2 Wis. 361; *Green* v. *Guthrie*, 10 Johns. 128; Tidd's Prac. p. 519.

*Woods & Gee*, for respondent.

It requires no argument to show that the answer was sham and frivolous.

It is so well settled that upon appeal the error claimed must affirmatively appear, that a citation of authorities is deemed unnecessary.

BOREMAN, J., delivered the opinion of the court:

This is an action for claim and delivery of personal property. Judgment was given for the plaintiff in the court below and

Harriet Crompton v. Charles H. Crow.

damages allowed in the sum of $200 for withholding the property. The defendant appeals to this court.

The answer was sham and frivolous, and was properly stricken out.

The damages assessed for witholding the property may have been the result of injury to the property while in defendant's possession. The evidence is not preserved, and the court necessarily concludes that evidence necessary to support the verdict was adduced, and that the verdict was proper.

No good grounds are shown for the attorney's absence at the trial. His absence, therefore, is no ground for a new trial. The negligence of defendant's attorney was the negligence of the defendant. No notice by the plaintiff to the defendant of the trial was necessary. The cause was called in its regular order for trial, and if the defendant was not represented it was his own fault and not the fault of the plaintiff.

The judgment of the court below is affirmed, with costs..

SCHAEFFER, C. J., and EMERSON, J., concurred.