PHILIP NEDER, Appellant, v. JAMES E. JEN-
NINGS, B. Y. GOLDING and C. W. CAFFALL,
Respondents.

No. 1576.   (78 Pac. 482.)

1. Conversion: Instructions: Evidence.
Where, in conversion for personal property levied on, there
was no evidence that any of the property had been delivered
to third persons, but one of the officers testified that J.,
plaintiff in execution, ordered him to redeliver all the prop-
erty to plaintiff, with certain exceptions, which he did, an
instruction that J. was not liable for the reason that there
was no evidence that he ever requested or directed the of-
ficers to deliver any property whatsoever to such third per-
sons was not objectionable in that it assumed that there
was no evidence tending to show that the property in ques-
tion had been delivered to such third persons by J.'s direc-
tion.

2. Appeal: Record: Evidence: Review.
Where all of the evidence is not contained in the appeal record,
an assignment that the verdict is contrary to the evidence
cannot be reviewed.[1]

(Decided November 17, 1904.)

Appeal   from   the Third   District   Court,   Salt Lake
County,—*Hon. S. W. Stewart,* Judge.

Action in conversion for personal property levied
on. From a judgment in favor of the defendants, the
plaintiff appealed.

AFFIRMED.

*J. M. Bowman, Esq.,* for appellant.

The first error assigned is that the peremptory in-
struction to the jury to return a verdict for the defend-

_____
[1] Crompton v. Crow, 2 Utah 245.

ant, James E. Jennings, was such an extended error that it prejudiced the entire case.

The court assumed in its peremptory instruction two facts: First, that delivering the property to J. H. Neder and William McGillivary was the principal fact, and as a deduction therefrom, that the goods were delivered to them but not by direction of defendant Jennings. Second. That the return of the afficer being declared conclusive by the court, stated that the officer's return showed that the property was returned to the plaintiff. The fact is that the return of the officer does not show that the officer returned the property to the plaintiff nor anyone else, only shows that the property was released from levy by the officer by direction of the defendant, Jennings.

The assumption in the first part of the instruction that the property was delivered to J. H. Neder and William McGillivary and the assumption in the last part, that the property had been returned to the plaintiff, cannot, within the bonds of reason, be reconciled. Both cannot be true, and the last assumption is directly against the evidence, to-wit: the return of the officer to the court.

*Messrs. Sutherland, Van Cott & Allison* for respondents.

The peremptory instruction to return a verdict in favor of the defendant Jennings was proper.

If we understand counsel's argument under this point, it is that the instruction was not justified: first, because the instruction assumed that there was no evidence tending to show that the property in question had been delivered to J. H. Neder and William McGillivary by the direction of the defendant Jennings. Second, that the return of the officer does not show that the property was *returned* to plaintiff, but only that it was *released*. Third, that the return of the officer is not conclusive.

1. As to the first point, it would seem to be sufficient to say, inasmuch as none of the evidence is set forth in the abstract, that this point is waived. However, an examination of the transcript will show that there was no evidence whatever showing or tending to show that the property had been delivered to Neder and McGillivary by the direction of Jennings. Jennings simply directed that the property should be returned to the appellant. This assignment should not be further considered, because, as the abstract stands, there is nothing to show that the property was in fact delivered by the officer to Neder and McGillivary.

2. It is insisted that the officer's return does not show that the property was returned to the plaintiff, or to any one else, but only that it was released. No authority is cited by counsel to show the insufficiency of this return. We presume that counsel intends to urge that the return should set forth in detail what the officer had done. The word "released" has a well settled meaning. It is the statement of an ultimate fact, precisely the same as the word "levy" is a statement of an ultimate fact, which includes within it all the facts necessary to constitute a levy. It has been repeatedly held that a return by an officer that he has "levied upon" certain goods, is sufficient, without stating the facts which go to make up the levy. Byer v. Etmyre & Besore, 41 Am. Dec. 410; Folsom v. Carli, 80 Am. Dec. 429.

The rule is that in construing returns, great liberality will be exercised to maintain their sufficiency and legality. Every favorable inference that can fairly arise from the language used will be indulged. 3 Freeman on Executions, (3d Ed.), section 62.

3. It is insisted that the return of the officer in this case is not conclusive in favor of the defendant Jennings. Attention is called to section 584 of the Revised Statutes of Utah, which provides: "The return of the sheriff upon process or notice is prima facie evidence of the facts in such return stated."

28 Utah—18

The slightest consideration of this provision shows that it has no application to the question at bar. The authorities are all to the effect that the return of the officer *as between the parties* is conclusive and cannot be impeached in any collateral action. If impeached at all, it must be by a direct proceeding for that purpose. 3 Freeman on Executions, sec. 364; Egery & Hinckly v. Buchanan, 5 Cal. 54; Whitaker v. Sumner, 7 Pick. 555; Sykes v. Keating, 118 Mass. 520; 22 Ency. Law (1st Ed.), 193-7, 195 (2).

So far as Mr. Jennings is concerned in this action, the attempted attack on the return of the officer is not a direct, but a collateral attack, which the authorities in question forbid. So far as the officer himself is concerned, the attack made upon the return is a direct attack. Raker v. Bucher, 100 Cal. 218 et seq.

It is also claimed by appellant that the defendants had no right to release the levy on this property when once made.

Freeman on Executions, sec. 271, is referred to. It is there said that a levy cannot be abandoned ''against the will of the defendant.'' This would seem to contemplate an affirmative resistance on the part of the defendant to the release of the levy. In the absence of testimony, the court cannot even say that the defendant did not consent to it; but at any rate it is not claimed that there was any affirmative objection on his part to the release of the levy or that he did not passively acquiesce.

Even if the release of the property in question was against the will of the defendant Neder; still he would have no right to sue the officer or Jennings for having released his goods. The utmost that he could claim would be that the goods having been levied upon, to the extent of their value, the levy must be treated as a satisfaction of the judgment. In the section in Freeman on Executions referred to following the language quoted it is said: ''He is bound to proceed to sell the goods and credit the proceeds on the writ. If he declines to

do this the defendant can refuse to accept the return of the property and insist that it shall to the extent of its value operate as a satisfaction of the judgment.''

In other words the plaintiff here would have no right to sue as for conversion of the goods. The utmost that he could say would be that the levy having been released the judgment in which the execution was issued should be treated as satisfied. There is certainly no conversion.

### STATEMENT OF FACTS.

The complaint in this case in substance alleges that on the 29th day of January, 1902, plaintiff was and for a long time prior thereto had been, a mechanic and artisan engaged in the business of manufacturing wagons, carriages, and vehicles of various kinds in a certain building in Salt Lake City, Utah; that on or about January 29, 1902, defendants unlawfully and forcibly entered into said building, took possession of the same, and without authority of law and against the will of plaintiff ejected plaintiff therefrom; that at the time of entering upon and into said premises said defendants took possession of certain personal property belonging to plaintiff, consisting of wood, iron bolts, screws, and various other kinds of material used by plaintiff in carrying on said business, together with the tools and implements of plaintiff consisting of hammers, tongs, bellows, elevator, etc., and converted all of said property to their own use, the said goods and materials being of the value of $3,000, and the tools and implements being of the value of $500.

In their answer the defendants alleged that defendant James E. Jennings leased to plaintiff the premises mentioned in the complaint for a certain period of time for the purpose of carrying on in a general way the manufacturing of vehicles and other business connected therewith, and that the plaintiff in the conduct of such business had certain tools and implements therein; that

the said defendant James E. Jennings brought an action against    Philip Neder (the plaintiff herein) in the justice's court of Salt Lake City, Utah, to obtain possession of the premises, under the unlawful detainer act, and in due course of the proceedings obtained a final judgment against the plaintiff, whereby it was adjudged that said James E. Jennings was entitled to the possession of the premises, and also to a certain sum of money; that a writ of restitution and execution was issued in said cause by the justice's court, and that defendant, C. W. Caffall and B. Y. Golding, were ordered and directed to restore the possession of said premises to defendant James E. Jennings, and also to collect and recover from the said Philip Neder for James E. Jennings the sum of $299, the amount of the judgment, together with $7.35 costs, and in pursuance of the said writ of restitution and execution the said Caffall and Golding, as constables. took possession of the premises from Neder, and restored the possession of the same to James E. Jennings, and likewise under said writ and execution took possession of the personal property of Philip Neder hereinbefore mentioned; that thereafter Neder claimed that Jennings was not entitled to the personal property levied upon, and the said Jennings directed and requested said Caffall and Golding to give back and to surrender to Neder all personal property so levied upon by them as aforesaid, which they accordingly did, the possession of which property Neder then and there received.

The return of the officers, so far as material here, recites that they received the writ of restitution on the 29 day of January, 1902, and served the same by placing James E. Jennings in quiet and peaceable possession of the land and premises therein described, and that they levied on all the personal property contained in the building, and on the 17th day of February, 1902, by request of the plaintiff, released from said levy all of said personal property.

The court instructed the jury in part as follows:
"You are instructed to return a verdict against the
plaintiff and in favor of the defendant James E. Jen-
nings, 'No cause of action.' for the reason that there is
no evidence showing or tending to show that James E.
Jennings either requested or directed the officers, name-
ly, his codefendants, to deliver any property whatso-
ever either to J. H. Neder or to William McGillivary;
and also for the further reason that the return of the
officers herein to the effect that all the property had
been delivered back to the plaintiff is absolute and con-
clusive proof in this case that all of said property has
been returned to the plaintiff." The jury returned a
verdict in favor of the defendants, "No cause of ac-
tion." Plaintiff appeals.

McCARTY, J., after the foregoing statement of
the case, delivered the opinion of the court.

Appellants' first alleged ground of complaint is
that the court erred in giving the peremptory in-
struction to the jury to return a verdict in favor of
the defendant James E. Jennings because the in-
struction assumed that there was no evidence tending
to show that the property in question had been de-
livered to J. H. Neder and William McGillivary by di-
rection of defendant Jennings. This assignment of er-
ror is entirely without merit, as there is no evidence
whatever in the record before us that shows, or tends to
show, that the property was delivered to Neder and Mc-
Gillivary. The only testimony in the record on this
point is that given by defendant Golding, and is as fol-
lows: "Q. After the tools were taken away, did you
ever have any conversation with Neder about the bal-
ance of the stock, leaving out the partition, safe, etc.?
A. Yes, sir. I got orders to turn over all the property
back to Mr. Neder, with the exception of the elevator
and furnaces, and I think the partition, etc. Q. Do
you know where you went? A. I think we started from
my office in the Dooly Block and went down there and

turned over everything.'' It will thus be observed that the instruction complained of, is in fact predicated upon the evidence, which shows that the property in question was returned to plaintiff by the officers Caffall and Golding, and not delivered to third parties, as contended by appellant.

Appellant further contends that the verdict of the jury is contrary to the evidence. The testimony referred to being the only evidence before us, this last assignment of error must be disregarded, as it is presumed there was evidence to support the verdict, in the absence of any showing to the contrary. Harris v. Barnhart, 97 Cal. 546, 32 Pac. 589; 2 Spelling, New Trial & App. Prac. 428; 3 Cyc. 275; Crompton v. Crow, 2 Utah 245.

We find no reversible error in the record. The judgment of the trial court must therefore be affirmed, with costs. It is so ordered.

BASKIN, C. J., and BARTCH, J., concur.